# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| OPERATING ENGINEERS LOCAL 139 HEALTH BENEFIT FUND, CENTRAL PENSION FUND OF THE INTERNATIONAL UNION OF OPERATING ENGINEERS AND PARTICIPATING EMPLOYERS, WISCONSIN OPERATING ENGINEERS SKILL IMPROVEMENT AND APPRENTICESHIP FUND, JOINT LABOR MANAGEMENT WORK PRESERVATION FUND, OPERATING ENGINEERS LOCAL 139 DEFINED CONTRIBUTION ANNUITY FUND, TERRANCE E. MCGOWAN, JOSEPH SHELTON, and INTERNATIONAL UNION OF OPERATING ENGINEERS LOCAL 139, <br><br> Plaintiffs, <br><br> v. <br><br> JP PRO LANDSCAPING LLC, <br><br> Defendant. | Case No. 22-CV-55-JPS <br><br> **ORDER** |

On January 17, 2022, Plaintiffs filed a complaint alleging that Defendant violated the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. §§ 1132, 1145 ("ERISA") and the Labor-Management Relations Act of 1947, as amended, 29 U.S.C. § 185. ECF No. 1. Defendant were served with the complaint on January 28, 2022. ECF No. 4. Defendant did not appear or otherwise defend this action within the time provided by

the Federal Rules of Civil Procedure. Thus, the Clerk of the Court, at Plaintiffs' request, entered default against Defendant on April 27, 2022. *See* ECF Nos. 6–8.

On September 19, 2022, Plaintiffs filed a motion for default judgment. ECF No. 12. Plaintiffs' certificate of service reflects that Defendant was served with this motion that same day. ECF No. 19. Defendant has not responded to the motion in any fashion, and the deadline for doing so has expired. *See* Civ. L.R. 7(b); Fed. R. Civ. P. 6(d) (providing three additional days to respond to motions served by mail). As a result, the Court treats the motion as unopposed. Civ. L.R. 7(d).

"Upon entry of default by the clerk, the court takes all well-pleaded allegations in plaintiffs' complaint relating to liability as true." *Operating Eng'rs Local 139 Health Benefit Fund et al. v. Hawk Constr. LLC*, No. 08-CV-597, 2009 U.S. Dist. LEXIS 35899, at *2 (E.D. Wis. Apr. 8, 2009) (citing *Graham v. Satkoski*, 51 F.3d 710, 713 (7th Cir. 1995)). The facts pleaded in the complaint establish Defendant's liability. ECF No. 1 at 2–5.

Plaintiffs, nevertheless, bear the responsibility to prove their damages under Rule 55(b)(2) of the Federal Rules of Civil Procedure. Indeed, "even when a default judgment is warranted based on a party's failure to defend, the allegations in the complaint with respect to the amount of the damages are not deemed true," and the Court must conduct an inquiry to ascertain the amount of damages with reasonable certainty. *e360 Insight v. The Spamhaus Project*, 500 F.3d 594, 602 (7th Cir. 2007) (internal citations and quotations omitted). Judgment by default may not be entered without a hearing on damages unless "the amount claimed is liquidated or capable of ascertainment from definite figures contained in the documentary evidence or in detailed affidavits." *Id.*

With regard to entitlement to damages, ERISA provides the following:

> In any action under this title by a fiduciary for or on behalf of a plan to enforce section 515 [29 USCS § 1145] in which a judgment in favor of the plan is awarded, the court shall award the plan—
>
> (A) the unpaid contributions,
>
> (B) interest on the unpaid contributions,
>
> (C) an amount equal to the greater of—
>
> > (i) interest on the unpaid contributions, or
> >
> > (ii) liquidated damages provided for under the plan in an amount not in excess of 20 percent (or such higher percentage as may be permitted under Federal or State law) of the amount determined by the Court under subparagraph (A),
>
> (D) reasonable attorney's fees and costs of the action, to be paid by the defendant, and
>
> (E) such other legal or equitable relief as the court deems appropriate.

29 U.S.C. § 1132(g)(2). Furthermore, "interest on unpaid contributions shall be determined by using the rate provided under the plan, or, if none, the rate prescribed under section 6621 of the Internal Revenue Code of 1986 [26 USCS § 6621]." *Id.*

Here, Plaintiff seeks $61,708.28 in delinquent fringe benefit contributions for the audited period, plus interest in the amount of $5,307.24, plus $10,839.00 for delinquent payment assessments. ECF No. 12-1 at 2–3; ECF No. 12 at 2; ECF No. 14 at 1–2. Plaintiffs additionally seek to recover $2,883.25 in attorneys' fees and costs. ECF No. 12 at 2.[1] Accordingly,

---

[1] Pursuant to 29 U.S.C. § 1132(g)(1), "in any action under this subchapter . . . the court in its discretion may allow a reasonable attorney's fee and cost to either party."

Page 3 of 5
Case 2:22-cv-00055-JPS   Filed 04/13/23   Page 3 of 5   Document 20

Plaintiffs request default judgment in the total amount of $80,737.77 plus post-judgment interest. *Id*.

Plaintiffs' auditors completed multiple audits of the payroll books and records of Defendant for the periods of December 1, 2017 through March 31, 2020, April 1, 2020 through May 31, 2021, and June 1, 2021 through June 30, 2022. ECF No. 12 at 2. Plaintiffs have additionally submitted both documentary evidence and affidavits to establish the claimed unpaid contributions, interest, payment assessments, attorney fees, and prosecution cost amounts. Thus, the Court having determined "that defendant[] [is] liable to plaintiff[s] as to each cause of action alleged in the complaint," by its entry of default, and that Plaintiffs' claimed amounts for delinquent contributions, payment assessments, and interest are reasonably certain and well-supported, the Court will grant their request for default judgment and award Plaintiffs the requested amounts for those items. *Breuer Electric Mfg. Co. v. Toronado Sys. of Am., Inc.*, 687 F.2d 182, 186 (7th Cir. 1982).

Accordingly,

**IT IS ORDERED** that Plaintiffs' motion for default judgment, ECF No. 12, be and the same is hereby **GRANTED**;

**IT IS FURTHER ORDERED** that Plaintiffs shall recover from Defendant the total sum of $80,737.77, together with post-judgment interest as provided by law; and

**IT IS FURTHER ORDERED** that this action be and the same is hereby **DISMISSED**.

---

Attorney Cynthia L. Buchko expended 7.2 hours in the prosecution of this action at a rate of $210 per hour. ECF No. 15 at 2. Attorney Laura M. Finnegan expended 3.75 hours in the prosecution of this action at a rate of $265 per hour. ECF No. 16.

The Clerk of the Court is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 13th day of April, 2023.

BY THE COURT:

_____
J.P. Stadtmueller
U.S. District Judge